# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

BRAIN SYNERGY INSTITUTE LLC
d/b/a Carrick Brain Centers,

       Plaintiff,

vs.

ULTRATHERA TECHNOLOGIES, INC., and
KEVIN MAHER,

       Defendants.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Brain Synergy Institute LLC, d/b/a Carrick Brain Centers, by and through its undersigned counsel, brings this action against Defendants UltraThera Technologies, Inc. and Kevin Maher and alleges as follows:

### THE PARTIES

1. Plaintiff Brain Synergy Institute LLC, d/b/a Carrick Brain Centers ("Carrick Brain Centers") is a limited liability company organized and existing under the laws of the state of Texas with its principal place of business at 105 Decker Court, Las Colinas, Texas.

2. Defendant UltraThera Technologies, Inc. ("UltraThera") is a Colorado corporation with a principal place of business at 3595 East Fountain Boulevard, Suite E-2, Colorado Springs, Colorado, 80910.

3. Defendant Kevin Maher is the CEO, founder, and owner of UltraThera Technologies, Inc. As the CEO and owner of UltraThera, Mr. Maher has actively participated in, induced, controlled, and approved the acts of patent infringement alleged herein. .

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Defendants reside in this District and the acts of infringement which form the basis of this action occurred within this District.

## GENERAL ALLEGATIONS

### Brain Synergy's Services and Patent

6. Carrick Brain Centers is the country's leading treatment provider of "Off-Axis Rotational Device" (OARD) therapy, which provides diagnosis and treatment of a wide-range of physiological and neurological disorders such as concussions, post traumatical stress disorder, stroke, cerebral palsy, and other conditions. Such brain-based conditions, injuries and disorders affect a person's "vestibular" system, which includes the brain and inner ear functions that are responsible for a person's sense of balance, spatial orientation and movement.

7. OARD therapy consists of placing a patient into a computer-controlled, off-axis rotating chair and producing carefully controlled rotations and movements that stimulate the patient's vestibular system, thereby stimulating those affected portions of the brain and providing

significant improvement in both the symptoms and underlying causes of many brain-based injuries and conditions.

8. Carrick Brain Centers is the owner by assignment of all right, title, and interest in and to a valid and enforceable United States Patent, U.S. Patent No. 6,800,062 ("the '062 patent" or "the Epley patent"). The Epley patent is titled 'Comprehensive Vertigo Management," and issued on October 5, 2004. A true and accurate copy of the Epley patent is attached hereto as Exhibit A.

9. The claims of the Epley patent generally relate to the diagnosis, treatment and rehabilitation of a patient's vestibular system by use of a computer-controlled, off-axis device.

10. At all times relevant hereto, Carrick Brain Centers has been practicing the Epley patent.

**Defendants and their Infringing Conduct**

11. Defendants make, advertise, and sell a rotating, computer-controlled chair called the GyroStim. Defendants have actively promoted, advertised, sold and distributed their GyroStim device throughout the United States for the purpose of diagnosing and treating vestibular-related disorders.

12. The GyroStim device made, offered for sale, and sold by Defendants directly and/or indirectly infringes at least independent claims 2 and 13 of the '062 patent.

13. Prior to the initiating of this action, representatives for Carrick Brain Centers have had multiple discussions with Defendants regarding their infringement of the '062 patent and the need for Defendants to stop marketing, making, and selling their infringing GyroStim devices. Notwithstanding these discussions and Plaintiff's explicit notice of infringement to Defendants,

Defendants have not stopped their infringing conduct as alleged herein.

## FIRST CLAIM FOR RELIEF
### (Direct Infringement of the '062 (Epley) Patent)

14. Carrick Brain Centers repeats the allegations in the preceding paragraphs as though fully set forth herein.

15. By making, using, selling, and/or offering for sale the GyroStim devices, Defendants directly infringe, either literally or through the doctrine of equivalents, at least independent claims 2 and 13 of the Epley patent.

16. Carrick Brain Centers is being irreparably harmed by Defendants' continued infringement, and unless Defendants and their agents, employees, representatives, affiliates and all others acting in concert with Defendants are enjoined from infringing the Epley patent, Carrick Brain Centers will continue to be irreparably harmed.

17. Carrick Brain Centers has no adequate remedy at law.

18. Defendants' infringement of the Epley patent is causing Carrick Brain Centers injury, and Carrick Brain Centers is entitled to recover damages in an amount to be proven at trial. Among other remedies, Carrick Brain Centers is entitled to lost profits or, in the alternative, no less than a reasonable royalty.

19. Any use, sale, or other acts of infringement following Defendants' notice of the Epley patent will demonstrate objectively reckless conduct with respect to Carrick Brain Centers' patent rights. As a result, any such continued infringement constitutes willful infringement of the Epley Patent and entitles Carrick Brain Centers to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Carrick Brain Centers requests that the Court enter Judgment in its favor and against Defendants, jointly and severally, on all claims as follows:

A.   finding, declaring, and adjudging that Defendants have infringed one or more claims of the Epley patent;

B.   awarding Carrick Brain Centers damages against Defendants, jointly and severally, in an amount adequate to compensate Carrick Brain Centers for the infringement that has occurred, but in no event less than a reasonably royalty as permitted by 35 U.S.C. § 284;

C.   enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, and all others acting in concert with Defendants from any further use, sale, or marketing of the GyroStim device or any other device that infringes the Epley patent;

D.   finding Defendants' infringement to be willful and awarding Carrick Brain Centers three times the amount of Carrick Brain Centers' actual damages pursuant to 35 U.S.C. § 284;

E.   finding this to be an exceptional case under 35 U.S.C. § 285, and awarding Carrick Brain Centers its costs (including expert witness fees), disbursements, and reasonable attorney's fees incurred in this action and such other relief as may be appropriate;

      F.      awarding Carrick Brain Centers prejudgment and postjudgment interest as allowed by law; and

      G.      granting such other and further relief as this Court may deem just and proper.

DATED this 7th day of June, 2013.

Respectfully submitted,

/s/ Timothy P. Getzoff
Timothy P. Getzoff
Mher Hartoonian
HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO  80302
Phone: (303) 473-2734
Fax: (303) 473-2720
tgetzoff@hollandhart.com
mhartoonian@hollandhart.com

Attorneys for Plaintiff
Brain Synergy Institute, LLC d/b/a
Carrick Brain Centers

Address of Plaintiff:
105 Decker Court, Suite 120
Las Colinas, Texas  75062

6242630_1