IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01471-CMA-BNB

BRAIN SYNERGY INSTITUTE, LLC, d/b/a Carrick Brain Centers,

Plaintiff,

v.

ULTRATHERA TECHNOLOGIES, INC., and
KEVIN MAHER,

Defendants.

## ANSWER AND COUNTERCLAIMS

Defendants UltraThera Technologies, Inc. ("UltraThera") and Kevin Maher (collectively "Defendants"), by and through their undersigned counsel, respond to Plaintiff's Complaint as follows:

## THE PARTIES

1.   Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2.   Defendants admit that UltraThera is a Colorado corporation with a principal place of business at 3595 East Fountain Boulevard, Suite E-2, Colorado Springs, Colorado, 80910.

3.   Defendants admit that Kevin Maher is the President, founder, and an owner of UltraThera Technologies, Inc.  Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants admit that this Court has personal jurisdiction over them. Defendants deny that this is the proper venue for resolving this dispute.

## GENERAL ALLEGATIONS

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore deny the same.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore deny the same.

8. Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff is the owner by assignment of all right, title, and interest in U.S. Patent No. 6,800,062 ("the '062 patent") and therefore deny the same. Defendants admit that the '062 patent is titled "Comprehensive Vertigo Management," and issued on October 5, 2004. Defendants deny that the '062 patent is valid or enforceable. To the extent there are remaining allegations in Paragraph 8 of the Complaint, Defendants deny the same.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore deny the same.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore deny the same.

**Defendants and their Infringing Conduct**

11. Defendants admit that UltraThera makes, advertises and sells the GyroStim product, and that it is a balance training machine. Defendants are without information sufficient to form a belief as to the truth to the remaining allegations in Paragraph 11 of the Complaint, and therefore deny the same.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants admit that Plaintiff approached UltraThera and attempted to negotiate an exclusive agreement to purchase GyroStims from UltraThera. After UltraThera denied Plaintiff an exclusive arrangement, Plaintiff appears to have acquired the '062 Patent for purposes of trying to force UltraThera into an agreement Plaintiff could not obtain through legitimate negotiation. Plaintiff has accused Defendants of infringing the '062 patent and demanded that Defendants stop marketing, making or selling the GyroStim device. Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Direct Infringement of the '062 (Epley) Patent)

14. Defendants incorporate by reference their answers to Paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny any allegations not specifically admitted herein.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief sought in Plaintiff's prayer on pages 5-6 of the Complaint.

## AFFIRMATIVE DEFENSES

In addition to the defenses alleged herein, Defendants expressly reserve the right to allege additional defenses as they become known during discovery.

### First Affirmative Defense
(Non-infringement of the '062 Patent)

Defendants have not infringed, are not infringing, and will not infringe any claim of the '062 Patent, either directly, under the doctrine of equivalents, or by inducing or contributing to infringement by others.

### Second Affirmative Defense
(Invalidity of the '062 Patent)

Each of the claims of the '062 Patent are invalid for failure to comply with the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Third Affirmative Defense
(Equitable Doctrines)

Plaintiff's claims are barred, in whole or in part, under principles of equity, including laches, prosecution laches, waiver, estoppel, prosecution history estoppel, patent misuse, and/or unclean hands.

### Fourth Affirmative Defense
(License)

Plaintiff's claims for patent infringement are precluded, in whole or in part: (i) to the extent that any allegedly infringing products and/or services are supplied, provided, utilized or otherwise utilized, directly or indirectly, by any entity or entities that have express or implied licenses to the asserted patents and/or (ii) under the doctrine of patent exhaustion.

### Fifth Affirmative Defense
(35 U.S.C. §§ 286 and 287)

Plaintiff is barred from recovering damages and other remedies, in whole or in part, by 35 U.S.C. §§ 286 and 287. Plaintiff is also barred by 35 U.S.C. § 288 from recovering costs associated with this action.

### Sixth Affirmative Defense
(No Entitlement to Injunctive Relief)

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate and/or irreparable, and Plaintiff has an adequate remedy at law.

### COUNTERCLAIMS

UltraThera Technologies, Inc. ("UltraThera") and Kevin Maher ("Maher") (collectively "Defendants"), for their counterclaims against Plaintiff Brain Synergy

Institute, LLC ("BSI"), allege as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory relief under the patent laws of the United States, Title 35 of the United States Code, §§ 1 *et seq.*, with a specific remedy sought under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.   An actual, substantial and continuing justiciable controversy exists between the parties that requires a declaration of rights by this Court.

2. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. BSI has submitted to personal jurisdiction in this Court by virtue of filing the present action.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c) and 28 U.S.C. § 1400(b), and because Plaintiff filed its Complaint in this District.

## THE PARTIES

5. UltraThera Technologies, Inc. is a corporation organized and existing pursuant to the laws of the State of Colorado, with a principal placed of business at 3595 East Fountain Blvd., Suite E-2, Colorado Springs, Colorado 80910.

6. Kevin Maher is a resident of the State of Colorado and is the founder, and an owner of, UltraThera.

7. On information and belief, BSI is a Texas limited liability company, having a place of business at 633 Bobbi Ct., Keller, Texas 76248.

## FACTUAL BACKGROUND

8. UltraThera, Inc. is a small company with its principal, and only, place of business in Colorado Springs, Colorado. Kevin Maher is the founder, president and an owner of UltraThera. UltraThera manufactures and sells a product known as the GyroStim. The GyroStim is a balance training device. Mr. Maher conceived and designed the GyroStim.

9. BSI claims to be the owner by assignment of United States Patent No. 6,800,062 (the "'062 Patent").

10. The '062 Patent was filed on July 3, 2002, and issued on October 5, 2004. The '062 Patent identifies John M. Epley as the sole inventor.

## FIRST CLAIM FOR RELIEF
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '062 PATENT)**

11. Defendants restate and incorporate by reference the allegations in paragraphs 1 through 10 above, as if fully set forth herein.

12. BSI filed its Complaint in this Court alleging that Defendants infringe United States Patent Number 6,800,062 ("the '062 patent") and that BSI has standing to bring a suit alleging infringement of the '062 patent.

13. Because BSI has sued Defendants in the present action alleging infringement of the '062 patent, an immediate, real and justiciable controversy exists between BSI and Defendants with respect to the alleged infringement of the '062 patent.

14. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to the alleged infringement of the '062

Patent is necessary and appropriate under the circumstances.

15. Defendants do not infringe, have not infringed directly, indirectly, willfully, or otherwise, and do not and have not induced infringement or contributed to the infringement of the '062 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

16. No claim of the '062 Patent can validly be construed to cover any product, process or method made, sold, advertised or used by Defendants.

17. Defendants are entitled to a declaratory judgment that they have not infringed and do not infringe, directly or indirectly, any valid or enforceable claim of the '062 Patent.

## SECOND CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '062 PATENT)

18. Defendants restate and incorporate by reference the allegations in paragraphs 1 through 17 above.

19. The '062 Patent is invalid for failure to meet one or more of the requirements of patentability under 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103 and 112.

20. The claims of the '062 Patent are invalid because the alleged inventions claimed therein are anticipated in view of the prior art to one having ordinary skill in the art and thus fail to satisfy the conditions for patentability set forth in 35 U.S.C. § 102.

21. The claims of the '062 Patent are invalid because the alleged inventions claimed therein are obvious in view of the prior art to one having ordinary skill in the art and thus fail to satisfy the conditions for patentability set forth in 35 U.S.C. § 103.

22. By way of example, and without limiting the allegation of this complaint, Defendants contend that at least U.S. Patent Nos. 4,710,128; 5,830,158; 5,919,149; 5,919,150; 6,063,046; 6,219,578; 6,497,649; and 6,796,947, or a combination thereof, render at least one of the claims of the '062 Patent obvious.

23. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to invalidity of the '062 Patent is necessary and appropriate under the circumstances.

24. Defendants are entitled to a declaratory judgment that the claims of the '062 Patent are invalid.

## REQUEST FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

A. For a judicial declaration that Defendants do not infringe any valid or enforceable claims of U.S. Patent No. 6,800,062;

B. For a judicial declaration that the claims of U.S. Patent No. 6,800,062 are invalid;

C. For an order declaring that Plaintiff has improperly sought to extend the scope of its purported patent rights through unjustified claims for infringement;

D. For an order awarding Defendants their costs, expenses, and reasonable attorneys' fees as provided by law; and

E. For an order finding this an exceptional case under 35 U.S.C. § 285 entitling Defendants to an award of their costs and attorneys' fees; and

F. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 22nd day of July, 2013.

**DORSEY & WHITNEY LLP**

*s/ Scott P. Sinor*
Scott P. Sinor
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202
Telephone: (303) 629-3400
Facsimile: (303) 629-3450
Email:  sinor.scott@dorsey.com

ATTORNEYS FOR ULTRATHERA
TECHNOLOGIES INC.

CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2013, I caused the foregoing document, titled ANSWER AND COUNTERCLAIMS, to be electronically filed with the Clerk of the Court using the CM/ECF system.  Notification of such filing will be sent to the following e-mail addresses:

Timothy P. Getzoff
Mher Hartoonian
HOLLAND & HART LLP
tgetzoff@hollandhart.com
mhartoonian@hollandhart.com

Attorneys for Plaintiff
Brain Synergy Institute, LLC d/b/a
Carrick Brain Centers

*s/ Scott Sinor*
Scott Sinor
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202