IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01471-CMA-BNB

BRAIN SYNERGY INSTITUTE, LLC, d/b/a Carrick Brain Centers,

Plaintiff,

v.

ULTRATHERA TECHNOLOGIES, INC., and
KEVIN MAHER,

Defendants.

---

## DEFENDANTS' MOTION TO STAY THE PROCEEDINGS

---

Defendants UltraThera Technologies, Inc. ("UltraThera") and Kevin Maher, by and through their undersigned counsel, respectfully move the Court stay this case until after the Court has decided Defendants' Motion to Transfer filed in this case and/or the first-filed United States District Court for the District of Georgia has ruled on the motions pending in that case, and in support thereof state as follows:

### CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1

Pursuant to D.C.COLO. Civil Procedure, Defendants' counsel conferred with counsel for Plaintiff on July 26, 2013, regarding the relief requested herein.  Plaintiff opposes this motion and the requested relief.

# I.    INTRODUCTION AND BACKGROUND

The Court should stay this case pending resolution of motions that will decide whether this case will proceed in the first-filed forum, the United States District Court of the District of Georgia.  A suit involving the mirror image of this case seeking a declaration of non-infringement and invalidity is currently pending in Georgia (the "Georgia Case").  However, instead of pursing the litigation against all of the accused infringers in one jurisdiction, BSI filed a second suit against Defendants here.  A stay in this case pending resolution of Defendants' Motion to Transfer and the motions in the Georgia Case will prevent unnecessary duplication of efforts, avoid wasting judicial resources, and permit the Courts to properly determine in which venue this case will proceed.

This is a patent infringement case concerning U.S. Patent No. 6,800,062 (the "'062 Patent").  BSI has identified one allegedly infringing product: a rotating, computer-controlled chair called the GyroStim.  The '062 Patent and the GyroStim product, however, are already the subjects of a declaratory judgment non-infringement suit brought by one of Defendant UltraThera's customers, Life University, against BSI in the United States District Court for the Northern District of Georgia.  The Georgia Case was the first-filed lawsuit, and involves the same subject matter and substantially the same parties.  Because no legitimate basis for moving forward with the instant case in Colorado exists, Defendants have filed currently herewith a Motion to Dismiss, Stay or Transfer Venue ("Motion to Transfer"), asking this Court to dismiss, stay or transfer this case in favor of the Georgia Case.  *See* ECF No. 10.  Defendants have also filed a

Motion to Intervene in the Georgia Case.  *See* ECF No. 10-4, Exhibit D to Motion to Transfer.  Despite numerous contacts with the State of Georgia, BSI has filed a motion to dismiss the Georgia Case for lack of personal jurisdiction, which Defendants believe will fail.  Defendants are therefore confident that this dispute will ultimately be tried in the proper forum, Georgia, and not this Court.  Accordingly, Defendants respectfully request a stay of this case until after this Court decides Defendants' Motion to Transfer and/or the United States District Court for the District of Georgia decides the motions pending there.  As described below, granting a stay will promote judicial economy, conserves the parties' resources, and will not cause undue delay or prejudice.

## II.    ARGUMENT

### A.    The Interests of Justice Strongly Favor a Stay

As part of the inherent power to control its docket, the district court has the power to stay proceedings pending before it.  *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963).  The power should be used within the discretion of the court to provide economy of time and effort for itself, and for counsel and litigants appearing before the court.  *Landis*, 299 U.S. at 254, 57 S.Ct. at 166.  In considering whether a stay is appropriate, courts generally consider:  "(1) potential prejudice to the nonmoving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation."  *Franklin v. Merck & Co.*, No. 06-cv-02164,

2007 WL 188264, at *2 (D. Colo. Jan. 24, 2007) (citation omitted).  Each of these factors weighs in favor of staying this case.

First, the issuance of a stay will not cause any harm to BSI.  Defendants have moved to intervene in the first-filed Georgia Case, and have always been subject to the Georgia Court's personal jurisdiction.  Indeed, BSI could have brought this suit in Georgia, but chose to file a duplicative action here.  Thus, the relevant parties are before the Georgia Court.  BSI will suffer no delay from a stay because the legal and factual issues underlying its claims will proceed in the Georgia Case.  On the contrary, BSI will likely save expenses by not having duplicative discovery or issues to address. *See Ellis v. J.R. Country Stores, Inc.*, No. 12-cv-01916, 2012 WL 6153513, at *2 (D. Colo. Dec. 11, 2012).  Moreover, on information and belief, BSI does not make or sell any products under the '062 Patent.  Thus, it is not losing any sales as a result of Defendants' activity.

In contrast, Defendants will suffer substantial harm in the absence of a stay because they will be forced to incur significant legal costs to conduct duplicative discovery and litigate this dispute in Colorado, only to have the lawsuit dismissed or transferred to Georgia.  Requiring both parties to proceed with discovery regarding the same witnesses and events in two simultaneous cases greatly burdens the parties and the courts.  Moving forward with this case at this stage would thus impose an unwarranted burden on Defendants.  *See Blixseth v. Cushman & Wakefield of Colo., Inc.*, No. 12-cv-00393, 2012 WL 3962800, at *2 (D. Colo. Sept. 11, 2012) (unpublished).

Third, judicial economy would best be served by granting a stay.  There is no reason for this Court to expend judicial resources on litigation that will likely be dismissed or transferred to Georgia.  *See id.* ("[I]t is certainly more convenient for the Court to extend the stay of discovery until it is clear that the case will proceed").  Defendants are confident that the appropriate court for resolution of all the parties' disputes is in Georgia.  As discussed in Defendants' Motion to Transfer, the first-to-file rule clearly dictates that this case should be dismissed, stayed or transferred in favor of the Georgia Case.  Transfer is also warranted because Georgia, and not Colorado, is the most convenient forum for this dispute.  Likewise, Defendants' motion to intervene in the Georgia Case sets forth persuasive reasons for mandatory and permissive intervention.   As such, this case is likely to be dismissed or transferred to be consolidated with the first-filed Georgia Case.  A stay pending resolution of Defendants' potentially dispositive motions thus promotes judicial economy.  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

Finally, the public interests will be well-served by a stay of the proceedings.  The public has, as a primary interest, the efficient and just resolution of actions pending

before the Court, and "[a]voiding wasteful efforts by the Court clearly serves this interest."  *Blixseth,* 2012 WL 3962800, at *3. Thus, the last factor weighs in favor of staying this case.

### III.    CONCLUSION

Because all of the relevant factors favor a stay, this Court should stay this case until after this Court decides Defendants' Motion to Transfer and/or the Georgia Court decides the motions pending in the Georgia Case.

Respectfully submitted this 26th day of July, 2013.

**DORSEY & WHITNEY LLP**

*s/ Scott P. Sinor*
Scott P. Sinor
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202
Telephone: (303) 629-3400
Facsimile: (303) 629-3450
Email:  sinor.scott@dorsey.com

ATTORNEYS FOR ULTRATHERA
TECHNOLOGIES INC.

CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2013, I caused the foregoing document, titled **DEFENDANTS' MOTION TO STAY THE PROCEEDINGS** to be electronically filed with the Clerk of the Court using the CM/ECF system.  Notification of such filing will be sent to the following e-mail addresses:

Timothy P. Getzoff
Mher Hartoonian
HOLLAND & HART LLP
tgetzoff@hollandhart.com
mhartoonian@hollandhart.com

Attorneys for Plaintiff
Brain Synergy Institute, LLC d/b/a
Carrick Brain Centers

_s/ Scott P. Sinor_
Scott Sinor
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202