**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-1471-CMA-BNB

BRAIN SYNERGY INSTITUTE, LLC
d/b/a Carrick Brain Centers

        Plaintiff,

v.

ULTRATHERA TECHNOLOGIES, INC., and
KEVIN MAHER,

        Defendants.

**STIPULATED PROTECTIVE ORDER**

**PROTECTIVE ORDER GOVERNING DISCOVERY MATERIALS**

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, IT IS ORDERED:

**I. DEFINITIONS**

1. PARTY means any party to this action.

2. PROTECTED INFORMATION is any document, material, item, testimony, or information designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE.

3. CONFIDENTIAL information is information that the PRODUCING PARTY and its TRIAL COUNSEL in good faith believe is information that is maintained confidentially and constitutes a trade secret; research, development, or commercial information; or otherwise implicates common law or statutory privacy interests.

4.  ATTORNEYS' EYES ONLY information is information that the PRODUCING PARTY and its TRIAL COUNSEL contend in good faith may not be disclosed to the RECEIVING PARTY in this litigation because of its status as a competitor and shall be reserved for information relating to prices, business plans and forecasts, marketing/advertising strategies, customer orders, customer sales quotations, sales volumes, company personnel files, sensitive corporate documents, sensitive documents regarding corporate and/or customer relationships, existing and future product designs, engineering, customer lists or identities, manufacturer lists or identities, profits, losses or other similar information of the most confidential nature.

5.  RESTRICTED CONFIDENTIAL SOURCE CODE information is computer source code and/or live data (that is, data as it exists residing in a database or databases, and documents containing or substantively relating to confidential, proprietary, and/or trade secret source code or technical design documentation) ("Source Code Material").

6.  DOCUMENT means all documents and things within the scope of Fed. R. Civ. P. 34. A draft or non-identical copy is a separate document within the meaning of this term.

7.  TRIAL COUNSEL means outside law firms that are counsel of record for the Parties, and supporting personnel regularly employed or specially contracted by the attorneys, such as, for example, paralegals, legal secretaries, and legal clerks. TRIAL COUNSEL also includes outside law firms that are counsel of record for the parties in the case captioned Life University, Inc. v. Brain Synergy Institute, LLC, KBCR, LLC, and Carrick Brain Centers, Civ. No. 13-CV-01741-SJC pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

8.  INDEPENDENT EXPERT means any person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a PARTY or TRIAL COUNSEL to serve as an expert witness or as a consultant in this action and with whom TRIAL

COUNSEL may deem it necessary to consult concerning technical and/or financial information received, or concerning other aspects of this case, for the preparation or trial thereof. This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant. INDEPENDENT EXPERTS may not be (a) a current employee of a PARTY or of a competitor of a PARTY, or (b) a person who, at the time of retention, is anticipated to become an employee of a PARTY or of a competitor of a PARTY.

9. PRODUCING PARTY means a PARTY or NON-PARTY that produces PROTECTED INFORMATION in this action.

10. NON-PARTY means any natural person, partnership, corporation, association, or other legal entity not named as a PARTY to this Action.

11. RECEIVING PARTY means a PARTY that receives PROTECTED INFORMATION from a PRODUCING PARTY.

12. PROFESSIONAL VENDOR means any persons or entities that provide litigation support services (e.g., photocopying, organizing, storing, or retrieval of data in any form or medium, videotaping, translating, designing and preparing exhibits, stenographic reporting, graphics, or demonstrations, etc.) and their employees and subcontractors. PROFESSIONAL VENDORS do not include persons who fall within the definition of INDEPENDENT EXPERT.

## II. DESIGNATION AND IDENTIFICATION OF INFORMATION

13. Information designated as PROTECTED INFORMATION must first be reviewed by the attorney for the PRODUCING PARTY, who must have a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c). *See Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000).

14.     With respect to documents, information or material designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," subject to the provisions herein and unless otherwise stated, this Order governs said documents, information and material, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

15.     A designation of PROTECTED INFORMATION (*i.e.,* "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as PROTECTED INFORMATION shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces PROTECTED INFORMATION without designating it as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," may request destruction of that PROTECTED INFORMATION by notifying the recipient(s), as soon as reasonably possible after the PRODUCING PARTY becomes aware of the inadvertent or unintentional disclosure, and providing replacement PROTECTED INFORMATION that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced PROTECTED INFORMATION and any documents, information or material derived from or based thereon.

16.     <u>CONFIDENTIAL</u>. Any document or thing containing or including any CONFIDENTIAL information shall be designated as such by the PRODUCING PARTY or NON-

PARTY by stamping or labeling it with, or otherwise affixing thereto, the following legend on each page (except for deposition and hearing transcripts[1]):

CONFIDENTIAL

17.  ATTORNEYS' EYES ONLY. Any document or thing containing or including any ATTORNEYS' EYES ONLY information shall be designated as such by the PRODUCING PARTY OR NON-PARTY by stamping or labeling it with, or otherwise affixing thereto, the following legend on each page (except for deposition and hearing transcripts, *see* footnote 1):

ATTORNEYS' EYES ONLY

18.  RESTRICTED CONFIDENTIAL SOURCE CODE. Any document or thing containing or including any RESTRICTED CONFIDENTIAL SOURCE CODE information shall be designating as such by the PRODUCING PARTY or NON-PARTY by stamping or labeling it with, or otherwise affixing thereto, the following legend on each page:

RESTRICTED CONFIDENTIAL SOURCE CODE

19.  DESIGNATION OF OTHER DISCLOSURES. All PROTECTED INFORMATION not reduced to documentary or tangible form or that cannot conveniently be designated in the manner set forth above shall be designated by the PRODUCING PARTY by informing the RECEIVING PARTY in writing within thirty (30) days of disclosure to the RECEIVING PARTY.

20.  PRELIMINARY DESIGNATION OF DOCUMENTS BEING INSPECTED. In the event the PRODUCING PARTY elects to produce PROTECTED INFORMATION for inspection, the PRODUCING PARTY in advance of the initial inspection need make no marking. For purposes of this initial inspection, all documents produced will be considered as having been marked

---

[1] For deposition ~~and hearing~~ transcripts, the legend shall be placed on the cover page of the transcript (if not already present on the cover page when received from the reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as PROTECTED MATERIAL.

ATTORNEYS' EYES ONLY. Thereafter, on selection of specified documents for copying by the inspecting PARTY, the PRODUCING PARTY shall mark the copies of such documents as may contain PROTECTED INFORMATION with the appropriate confidentiality marking at the time the copies are produced to the inspecting PARTY.

### III. ACCESS TO INFORMATION

21. <u>RESTRICTIONS ON USE AND DISCLOSURE — CONFIDENTIAL</u>. Documents and information designated CONFIDENTIAL shall not be shown to, discussed with, or otherwise disclosed to any person other than the following:

   a. TRIAL COUNSEL of record;

   b. employees of such counsel assigned to and reasonably necessary to assist in such counsel in the litigation of this action;

   c. officers, directors or employees of the RECEIVING PARTY to whom disclosure is reasonably necessary for this litigation;

   d. INDEPENDENT EXPERTS retained for this litigation;

   e. PROFESSIONAL VENDORS retained for this litigation; and

   f. the Court and its personnel.

22. <u>RESTRICTIONS ON USE AND DISCLOSURE — ATTORNEYS' EYES ONLY</u>. Documents and information designated ATTORNEYS' EYES ONLY shall not be shown to, discussed with, or otherwise disclosed to any person other than the following:

   a. TRIAL COUNSEL of record;

   b. employees of such counsel assigned to and reasonably necessary to assist in such counsel in the litigation of this action;

   c. INDEPENDENT EXPERTS retained for this litigation;

    d.  PROFESSIONAL VENDORS retained for this litigation; and

    e.  the Court and its personnel.

23. RESTRICTIONS ON USE AND DISCLOSURE—RESTRICTED CONFIDENTIAL SOURCE CODE. For information designated as RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

    a.  Access to a Party's Source Code Material shall be provided only on "stand–alone" computer(s) (that is, the computer may not be linked to any network. including a local area network ("LAN"), an intranet or the Internet) with password protection and located in a secure locked room. The stand–alone computer(s) may be connected to (i) a printer. Use or possession of any input/output device *(e.g.* "USB memory stick, cameras or any camera–enabled device (excluding cell phones), CDs, floppy disk, portable hard drive, laptop, etc.) is prohibited while accessing the stand-alone computer containing the Source Code Material. Additionally the stand–alone computer(s) may only be located at the offices of the PRODUCING PARTY'S TRIAL COUNSEL;

    b.  The RECEIVING PARTY shall make reasonable efforts to restrict its requests for such access to the stand–alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the RECEIVING PARTY, which shall not be less than 24 hours in advance of the requested inspection and shall include the names of persons who will view the Source Code Material, the PRODUCING PARTY shall make reasonable efforts to accommodate the RECEIVING PARTY'S request for access to the stand–alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the PRODUCING PARTY'S Source Code Material at the offices of its TRIAL COUNSEL shall not unreasonably hinder the RECEIVING PARTY'S

ability to efficiently and effectively conduct the prosecution or defense of this Action;

      c.      The PRODUCING PARTY shall provide the RECEIVING PARTY with information explaining how to start, log on to, and operate the stand–alone computer(s) in order to access the produced Source Code Material on the stand–alone computer(s);

      d.      The PRODUCING PARTY will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above. The RECEIVING PARTY'S TRIAL COUNSEL may request that commercially available licensed software tools for viewing and searching the Source Code Material be installed on the stand-alone computer but must provide the PRODUCING PARTY with such software tools at least three (3) business days in advance of the inspection;

      e.      Access to PROTECTED INFORMATION designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to TRIAL COUNSEL and up to three (3) INDEPENDENT EXPERTS[2] retained by a PARTY and approved to access such PROTECTED INFORMATION under paragraph 24, and the Court and its personnel. The RECEIVING PARTY'S TRIAL COUNSEL and/or INDEPENDENT EXPERTS shall be entitled to take notes relating to the Source Code Material but may not copy any portion of the Source Code Material into the notes. No copies of all or any portion of the Source Code Material may leave the room in which the stand–alone computer is located except as otherwise provided in paragraph 23(h). A RECEIVING PARTY may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Source Code Material Documents are appropriately marked under this Order, restricted to those who are entitled

---

[2] For purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such as the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

      f.    To the extent portions of Source Code Material are quoted in a Source Code Material Document, either (1) the entire Source Code Material Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately bound stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

      g.    Except as set forth in subsection (k) below, no electronic copies of Source Code Material shall be made without prior written consent of the PRODUCING PARTY, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

      h.    The RECEIVING PARTY shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be printed on bates labeled paper and clearly designated and labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." The PRODUCING PARTY shall make a copy of all Source Code Material printed by the RECEIVING PARTY prior to the RECEIVING PARTY taking such Source Code Material or leaving the premises of the production. The Parties agree that the RECEIVING PARTY may not print Source Code Material in order to review blocks of Source Code Material elsewhere in the first instance, *i.e.,* as an alternative to viewing the Source Code Material electronically on the stand–alone computer, as such conduct would frustrate the purpose of the protections provided herein. The RECEIVING PARTY shall maintain a log of all copies of the Source Code Material, the names of recipients and reviewers of copies, and the locations where the copies are stored, and upon reasonable request by

the PRODUCING PARTY, shall provide reasonable assurances of security measures and a copy of the log;

      i.      Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

      j.      If the RECEIVING PARTY'S TRIAL COUNSEL, consultants, or experts obtain printouts or photocopies of Source Code Material, the RECEIVING PARTY shall ensure that such TRIAL COUNSEL, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such TRIAL COUNSEL, consultants, or expert. The RECEIVING PARTY may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies *(e.g.,* a hotel prior to a Court proceeding or deposition);

      k.      A PRODUCING PARTY'S Source Code Material may only be transported by the RECEIVING PARTY at the direction of a person authorized under paragraph 23(e) above to another person authorized under paragraph 23(e) above, on paper via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, (including a LAN, an intranet, or the Internet), or copied, removed, or transferred on to any other computers or peripheral equipment except for the sole purpose of filing materials with the Court; and

      l.      All copies of any portion of the Source Code Material in whatever form shall be securely destroyed if they are no longer in use.

24. <u>PROCEDURES FOR APPROVING DISCLOSURE OF INFORMATION OR ITEMS TO INDEPENDENT EXPERTS</u>. At least ten (10) days prior to receiving PROTECTED INFORMATION, an INDEPENDENT EXPERT must execute and provide to opposing TRIAL COUNSEL the Non-Disclosure Agreement attached hereto as Exhibit A with the bates range of information intended to be disclosed, a copy of the INDEPENDENT EXPERT'S current resume or CV, his/her current employer, his/her employment history for the past 10 years, a list of cases in which he/she has testified within the preceding 5 years, and a list any patents or patent applications in which he/she is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. Opposing TRIAL COUNSEL shall have five (5) calendar days from the date of receiving the Non-Disclosure Agreement to object to the named INDEPENDENT EXPERT. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure of PROTECTED INFORMATION shall be made until the parties resolve the matter, the objection is withdrawn, or the Court denies the opposing PARTY'S motion for a Protective Order.

25. <u>DISCLOSURE IN CERTAIN CIRCUMSTANCES</u>. With respect to documents designated as including PROTECTED INFORMATION, any officer, director, employee, attorney, or agent of the PRODUCING PARTY, and any person indicated on the face of the document to be an originator or author or recipient thereof may be shown the document. With respect to former officers, directors, employees, attorneys, or agents, any document designated as including PROTECTED INFORMATION may be shown to any former officer, director, employee, attorney,

or agent of the PARTY that produced the document so designated, during the deposition of that former officer, director, employee, attorney or agent, if the PROTECTED INFORMATION contained in the document so designated was in existence during the period of the former officers', directors', employees', attorneys', or agents' relationship with the PRODUCING PARTY. Notwithstanding anything to the contrary in this Order, nothing herein shall preclude a designating party from using or disclosing its own PROTECTED INFORMATION as it deems appropriate.

## IV.     OTHER PROVISIONS

26.     There shall be no disclosure of any PROTECTED INFORMATION by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

27.     Nothing contained herein shall be construed to prejudice any Party's right to use any PROTECTED INFORMATION in taking testimony at any deposition or hearing provided that the PROTECTED INFORMATION is only disclosed to a person(s) who is:  (i) eligible to have access to the PROTECTED INFORMATION by virtue of his or her employment with the designating party; (ii) identified in the PROTECTED INFORMATION as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such PROTECTED INFORMATION, has, in the ordinary course of business, seen such PROTECTED INFORMATION; (iv) a current or former officer, director or employee of the PRODUCING PARTY or a current or former officer, director or employee of a company affiliated with the PRODUCING PARTY, to the extent such witness has personal knowledge of the PROTECTED INFORMATION; (v) counsel for a Party, including TRIAL COUNSEL (subject to paragraphs 22 and 23 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the

purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to PROTECTED INFORMATION. PROTECTED INFORMATION shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the PRODUCING PARTY or from the Court.

28. Whenever a deposition involves the disclosure of PROTECTED INFORMATION, the deposition or portions thereof shall be designated accordingly and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as PROTECTED INFORMATION after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

29. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any PROTECTED INFORMATION into evidence at the trial or this Action, or from using any information contained in PROTECTED INFORMATION at the trial of this Action, subject to any pretrial order issued by this Court.

30. A party may object to the designation of particular PROTECTED INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as PROTECTED INFORMATION to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as PROTECTED INFORMATION under the terms of this Protective Order until the Court rules on

the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as PROTECTED INFORMATION and shall not thereafter be treated as PROTECTED INFORMATION in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as PROTECTED INFORMATION shall bear the burden of establishing that good cause exists for the disputed information to be treated as PROTECTED INFORMATION.

31. Each INDEPENDENT EXPERT to whom PROTECTED INFORMATION is disclosed in accordance with the terms of this Order shall be advised by counsel or the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Exhibit A.

32. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third-Parties") and in the event that such Third-Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third-Parties may agree to be bound by this Order, except that Third-Parties shall not be entitled to access the PROTECTED INFORMATION produced by any party in this case.

33. To the extent that discovery or testimony is taken of Third-Parties, the Third-Parties may designate as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced by such Third-Parties. The Third-Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "ATTORNEY'S EYES

ONLY" in accordance with this Order.

34. Any request to file PROTECTED INFORMATION subject to this Protective Order under seal must comply with D.C.COLO.LCivR7.2.

35. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which PROTECTED INFORMATION shall be treated at trial.

36. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as PROTECTED INFORMATION shall be returned to the party that designated it PROTECTED INFORMATION, or the parties may elect to destroy PROTECTED INFORMATION documents. Where the parties agree to destroy PROTECTED INFORMATION documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

37. <u>INTERIM EFFECT</u>. For purpose of proceeding with discovery without delay, pending the Court's approval of this Proposed Protective Order, any PROTECTED INFORMATION produced under the terms of this Order shall be protected by the parties in the same manner as if this proposed Protective Order was an order of the Court.

38. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated November 1, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

Respectfully submitted this 31st day of October, 2013.

| | |
|---|---|
| */s/ Timothy Getzoff* | */s/ Scott P. Sinor* |
| Timothy Getzoff | Scott P. Sinor |
| HOLLAND & HART LLP | DORSEY & WHITNEY LLP |
| One Boulder Plaza | 1400 Wewatta Street, Suite 400 |
| 1800 Broadway, Suite 300 | Denver, CO 80202 |
| Boulder, CO 80302 | Telephone: 303-629-3408 |
| Telephone: 303-473-2700 | Facsimile: 303-629-3450 |
| Facsimile: 303-473-2720 | Email: sinor.scott@dorsey.com |
| Email: tgetzoff@hollandhart.com | |
| | *Attorney for Defendants Ultrathera* |
| Mher Hartoonian | *Technologies, Inc. and Kevin Maher* |
| HOLLAND & HART LLP | |
| 555 17th Street, Suite 3200 | |
| Denver, CO 80202 | |
| Telephone: 303-295-8000 | |
| Facsimile: 303-295-8261 | |
| Email: mhartoonian@hollandhart.com | |

*Attorneys for Plaintiff Brain Synergy Institute, LLC d/b/a Carrick Brain Centers*

**EXHIBIT A**

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-1471-CMA-BNB

BRAIN SYNERGY INSTITUTE, LLC
d/b/a Carrick Brain Centers

       Plaintiff,

v.

ULTRATHERA TECHNOLOGIES, INC.,
And KEVIN MAHER,

       Defendants.

---

**NON-DISCLOSURE AGREEMENT**

---

    I, _____, declare that:

    .My address is _____.

My current employer is _____.

My current occupation is _____.

    2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

    3.    I will comply with all of the provisions or the Protective Order, I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____   By: _____