## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Christine M. Arguello

Civil Action No. 13-cv-01471-CMA-BNB

BRAIN SYNERGY INSTITUTE, LLC, d/b/a CARRICK BRAIN CENTERS,

    Plaintiff,

v.

ULTRATHERA TECHNOLOGIES, INC., and
KEVIN MAHER,

    Defendants.

---

## ORDER CONCERNING APPOINTMENT OF MASTER

---

    This matter is before the Court *sua sponte*. This patent infringement case concerns a patent covering a "computer-controlled, off-axis rotating chair" which produces "carefully controlled rotations and movements that stimulate the patient's vestibular system, thereby stimulating those affected portions of the brain and providing significant improvement in both the symptoms and underlying causes of many brain-based injuries and conditions." (Doc. # 1 at 2-3). This case is at the point where the disputed claims in the patent in suit must be construed applying the standards of *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) and its progeny.

    The patent in suit concerns technology that is highly specialized and technical. Thus, it is likely that a master with education and skill in the technical areas addressed in the patent in suit will be able to construe the disputed claims in the patent more accurately, more efficiently, and in a more timely fashion than a judge available on this

court.  Under Fed. R. Civ. P. 53(a)(1), these circumstances are sufficient to merit and permit the appointment of a master.

Before appointing a master, the Court must give the parties notice and an opportunity to be heard.  Fed. R. Civ. P. 53(b)(1).  This order shall serve as notice to the parties of the intent of the Court to appoint a master to construe the disputed claims of the patent in suit.  This order provides a schedule for the parties to state their positions on this issue and to suggest candidates for the position of master.

Accordingly, it is ORDERED as follows:

1. That the parties shall confer with one another to determine whether they can agree on whether a master should be appointed to construe the disputed claims of the patent in suit.  If the parties are able to so agree, they shall, by May 12, 2014, submit a stipulation so indicating and identifying who that master should be or, absent an agreement regarding who the master should be, setting forth a process whereby this court can, with the assistance of the parties, identify candidates for consideration.

2. If the parties are unable to agree on whether a master should be appointed to construe the disputed claims of the patent in suit, by May 12, 2014, each party shall file a brief which will include the following information:

   a) addressing the question of whether a master should be appointed to construe the disputed claims of the patent in suit;

   b) whether it consents to the appointment of a master to construe the disputed claims of the patent in suit;

      c)      suggesting up to three candidates for appointment as a master, and including a summary of the qualifications of each such candidate.

3.      Regardless of whether the parties proceed in accordance with paragraph 1 or paragraph 2 above, the parties shall include, as an attachment to the joint stipulation or separate briefs, a proposed order which appoints a master to construe the disputed claims of the patent in suit and which contains the contents required under Fed. R. Civ. P. 53(b)(2)(A)-(E).

DATED: April __28__, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge