IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01471-CMA-BNB

BRAIN SYNERGY INSTITUTE, LLC, d/b/a Carrick Brain Centers,

Plaintiff,

v.

ULTRATHERA TECHNOLOGIES, INC., and
KEVIN MAHER,

Defendants.
_____

**ORDER**
_____

This matter arises on the **Defendants' Motion to Compel Discovery** [Doc. # 64, filed 10/1/2014] (the "Motion to Compel").  I held a hearing on the Motion to Compel this morning and made rulings on the record, which are incorporated here.

IT IS ORDERED:

(1)     The Motion to Compel is GRANTED IN PART and DENIED IN PART as follows:

•DENIED with respect to Production Requests 1-5, 7-10, and 32.  The evidence establishes that there are no responsive documents in the plaintiff's possession, custody, and control, and the defendants have failed to present any evidence to the contrary;

• DENIED with respect to Production Requests 11 and 12 based on the argument that all responsive documents are subject to a privilege or immunity from disclosure.  The plaintiff shall provide a privilege log consistent with the requirements of Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984);

• GRANTED with respect to Production Request 13 to require the parties to confer and agree upon additional search terms and custodians in connection with identifying any additional emails which may be responsive to the request;

• GRANTED with respect to Production Request 16 to require the plaintiff to either (i) produce for inspection and copying one copy of each responsive document and/or (ii) direct the defendants to locations where any responsive materials may be viewed;

• GRANTED with respect to Production Requests 18, 19, 20, and 21;

• GRANTED with respect to Production Requests 23, 24, and 25 to require the parties to confer and agree upon additional search terms and custodians in connection with identifying any additional documents which may be responsive to the request;

• DENIED with respect to Production Request 26 because no responsive documents are in the possession, custody, or control of the plaintiff;

• GRANTED with respect to Production Request 27;

• DENIED with respect to Production Request 29 based on the argument that all responsive documents are subject to a privilege or immunity from disclosure.  The plaintiff shall provide a privilege log consistent with the requirements of Peat, Marwick, 748 F.2d at 542;

• DENIED with respect to Production Request 31 because it is an improper blockbuster request, see Grynberg v. Total, S.A., 2006 WL 1186836 *6 (May 3, 2006);

• DENIED as moot with respect to Production Requests 17, 28, 30, 33, 34, 35, and 36, because the plaintiff has agreed to produce all non-privileged responsive documents;

• DENIED with respect to Interrogatories 3, 4, 12, 13, 14, 15, and 18 for failure to confer as required by D.C.COLO.LCivR 7.1(a), see Hoelzel v. First Select Corp., 214 F.R.D.

634, 636 (D. Colo. 2003); and

- DENIED in all other respects.

(2) All requests for expenses and attorneys' fees in connection with the Motion to Compel are DENIED.

(3) The plaintiff shall provide the required privilege log on or before December 23, 2014; the parties shall confer about search terms and custodians on or before December 23, 2014; and the plaintiff shall make supplemental discovery responses and produce any additional responsive documents on or before February 2, 2015.

Dated December 9, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge