IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-1471-CMA-BNB

BRAIN SYNERGY INSTITUTE, LLC
d/b/a Carrick Brain Centers

        Plaintiff,

vs.

ULTRATHERA TECHNOLOGIES, INC.,
and KEVIN MAHER,

        Defendants.

**PLAINTIFF BRAIN SYNERGY INSTITUTE'S RESPONSE TO DEFENDANTS' OBJECTIONS TO RECOMMENDATION OF U.S. MAGISTRATE JUDGE REGARDING CLAIM CONSTRUCTION**

Plaintiff Brain Synergy Institute, LLC d/b/a Carrick Brain Centers ("BSI"), through undersigned counsel, submits the following response to Defendants' Objections (Doc. 73) to the December 5, 2014 Recommendation of U.S. Magistrate Judge Boland regarding claim construction (Doc. 69).

**I.    INTRODUCTION**

On April 28, 2014, this Court entered an Order Concerning Appointment of Master reflecting the Court's intent to appoint a Master to construe the claims of the patent at issue in this patent infringement case, U.S. Patent No. 6,800,062 ("the '062 Patent") (Doc. No. 49). The Court asked the parties to confer to determine whether they could agree on a Master to construe the claims of the '062 Patent.

The parties thereafter agreed and stipulated to the appointment of Magistrate Judge Boyd N. Boland to hear the parties' arguments on claim construction and to issue to this Court his recommendations for the construction of the claims of the '062 Patent. (Doc. 51). In doing so, the parties stated that "Magistrate Judge Boland is well-versed in patent law and has experience conducting *Markman* hearings and issuing claim construction orders. Therefore, the parties agree that Magistrate Judge Boland is well suited to construct the claims of the '062 patent." *Id.* at 2. The Court then ordered that all proceedings relating to claim construction be referred to Magistrate Judge Boland. (Doc. 52).

Over the next several months the parties submitted extensive claim construction briefing (Docs. 50, 54, and 57) and also participated in an all-day *Markman* hearing (Doc. 62) before Magistrate Judge Boland. On December 5, 2014, Magistrate Judge Boland issued a thorough and well-reasoned twenty-three (23) page Recommendation on the various claim construction issues. *See* Doc. 69. His Recommendation employs the proper claim construction standards, accurately recites and relies upon the intrinsic patent record, and reasonably applies the law to the record. *See id.*

Throughout the claim construction proceedings, Defendants sought to improperly narrow the scope of the asserted claims by importing limitations from the specification. Magistrate Judge Boland, however, correctly recognized that inserting additional requirements into broader claim language violates a cardinal rule of claim construction.

In their Objections, Defendants request that the Court modify two of Magistrate Judge Boland's claim construction recommendations. In the proceedings before

Magistrate Judge Boland, Defendants argued for the following meaning for those terms[1] (Doc. 47-1 at 2 and 3):

| Term No. | Claim No. | Claim Language | Defendants' Original Proposed Construction |
|---|---|---|---|
| 3 | 2 | information that effectively describes the de facto pattern and current condition of the chosen subject's spatial orientation | real-time computer-processible information describing the subject's absolute pattern of dynamic movement and current static disposition in three-dimensional space |
| 10 | 13 | information that effectively describes the then de facto pattern and current state of the chosen subject's spatial orientation | real-time computer-processible information describing the subject's absolute pattern of dynamic movement and current static disposition in three-dimensional space |

In their Objections, however, Defendants have abandoned their original proposed claim construction, and now assert an entirely new construction that they did not raise or argue before Magistrate Judge Boland (Doc. 73 at 6):

| Term No. | Claim No. | Claim Language | Defendants' New Proposed Construction |
|---|---|---|---|
| 3 | 2 | information that effectively describes the de facto pattern and current condition of the chosen subject's spatial orientation | information that effectively describes a subject's pattern of dynamic movement in any direction or plane of motion and current static disposition in three-dimensional space |
| 10 | 13 | information that effectively describes the then de facto pattern and current state of the chosen subject's spatial orientation | information that effectively describes a subject's pattern of dynamic movement in any direction or plane of motion and current static disposition in three-dimensional space |

Defendants' new construction no longer requires "real-time computer-processible" information or "absolute" pattern. Furthermore, Defendants' new construction adds the words "effectively" and "in any direction or plane of motion." The

---

[1] The terms that Defendants raise in their Objections are nearly identical and are referred to as terms 3 and 10, which are found in patent Claims 2 and 13.

3

Court should decline to consider these new arguments because they could have been, but were not, presented to Magistrate Judge Boland in the first instance.

Setting aside the untimely nature of Defendants' new positions, Defendants again seek to restrict the scope of the claims by ignoring the actual claim language and the expansive definition of "spatial orientation" set forth in the specification of the '062 Patent. Because Defendants' new claim construction proposal is no more correct than their original proposal that Magistrate Judge Boland rejected, it should be rejected.

For all these reasons, as further explained below, Plaintiff BSI respectfully requests that the Court overrule Defendants' objections and adopt Magistrate Judge Boland's Recommendations in their entirety.

## II.  THE COURT SHOULD DECLINE TO CONSIDER DEFENDANTS' NEW CLAIM CONSTRUCTION PROPOSAL

Instead of asking the Court to modify Magistrate Judge Boland's recommendation in accordance with their originally proposed construction, Defendants set forth an entirely new construction. *See supra* at 3. Defendants have not offered any reason for their failure to assert this new claim construction position previously. Defendants' argument was not raised in their original brief or during the *Markman* hearing, was not considered by the Magistrate Judge, and accordingly, it should be deemed waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (arguments not raised before the Magistrate Judge are generally treated as waived). A party cannot use objections to a Magistrate Judge's claim construction recommendation as an avenue to raise new arguments before the U.S. District Court Judge. *See, e.g.,*

4

*Defenshield, Inc. v. First Choice Armor & Equip., Inc.,* No. 5:10-CV-1140, 2013 WL 5323752, at *4 (N.D.N.Y. Sept. 20, 2013).

### III. DEFENDANTS IGNORE THE MEANING OF "SPATIAL ORIENTATION" AS DEFINED IN THE SPECIFICATION

Apart from the procedural infirmity of Defendants' new claim construction position, Defendants are wrong on the merits. Defendants acknowledge "it is a 'basic canon of claim construction … that [e]ach element contained in a patent claim is deemed material to defining the scope of the patented invention.'" Defendants' Br. at 3 (citing *Engineered Data Rod., Inc. v. GBS Corp.,* 506 F. Supp. 2d 461, 471 (D. Colo. 2007)). But Defendants' misguided proposal to revise Magistrate Judge Boland's claim construction recommendation largely ignores the standalone phrase "spatial orientation," which appears repeatedly in Claims 2 and 13:

| Term No. | Claim No. | Claim Language |
|---|---|---|
| 3 | 2 | "a sensor device which produces a data-stream that relates to *spatial orientation*"<br><br>"information that effectively describes the de facto pattern and current condition of the chosen subject's *spatial orientation*" |
| 10 | 13 | "chosen-subject manipulation structure for establishing different *spatial orientations* (positions) for a chosen subject"<br><br>"information that effectively describes the then de facto pattern and current state of the chosen subject's *spatial orientation*" |

The claim construction recommendation for Claims 2 and 13 properly attributes the following meaning to "spatial orientation": "a subject's static disposition in three-dimensional space **and/or** the subject's dynamic movement in any direction or plane of

motion." Doc. 69 at 6-9, 12 (emphasis added). That broad construction stems directly from explicit language in the specification:

> Incidentally, where references are made herein to positions, positioning, orientations, and **spatial orientations**, those references are intended to involve either a *subject's static disposition in three-dimensional space, and/or a subject's dynamic movement, in any direction or plane of motion*…

*Id.* at 8 (citing the '062 Patent at 3:28-34) (italics added).

Defendants admit that this definition – with the disjunctive "and/or" – should control with respect to the first time "spatial orientation" is used in Claim 2 (Doc. 73 at 6). Nonetheless, Defendants nonsensically argue that the definition should be disregarded when "spatial orientation" is used in the subsequent phrase: "information that effectively describes the de facto pattern and current condition of the chosen subject's spatial orientation" (*id.* at 7). Defendants cannot have it both ways. In fact, the Court of Appeals for the Federal Circuit has recognized that Courts should assume a claim term possesses the same meaning throughout a patent claim. *See Process Control Corp. v. HydReclaim Corp.*, 190 F.3d 1350, 1356 (Fed. Cir. 1999) (holding that "a discharge rate" in an earlier limitation refers to the same discharge rate as "the discharge rate" in a later limitation); *Microprocessor Enhancement Corp. v. Texas Instruments, Inc.*, 520 F.3d 1367, 1375 (Fed. Cir. 2008) (acknowledging that it is a reasonable "initial assumption" to construe a single claim term "consistently with its appearance in other places in the same claim") (quotations omitted).

The term "spatial orientation" is used consistently throughout the claims of the '062 Patent to mean a subject's static disposition in three-dimensional space, **and/or** a

subject's dynamic movement, in any direction or plane of motion.  Defendants did not point to any intrinsic or extrinsic evidence that suggests, let alone demonstrates, the term has different meanings within the same claim.  Accordingly, in construing terms 3 and 10, Magistrate Judge Boland properly construed spatial orientation – with the disjunctive "and/or" – whenever that phrase appeared in the patent claims.

## IV. THE CONJUNCTIVE TERM "AND" IN TERMS 3 AND 10 REFERS TO EARLIER CLAIM LANGUAGE APART FROM "SPATIAL ORIENTATION"

Plaintiff agrees with Defendants that terms 3 and 10 require information that describes the pattern and current condition of the chosen subject's spatial orientation.  *See* Defendants' Br. at 2.  Indeed, BSI's originally proposed construction recognizes this requirement.

Defendants, however, fail to appreciate that the conjunctive term "and" resides between "pattern" and "current condition," not within the definition of "spatial orientation," which uses the broader disjunctive term "and/or."  No basis exists for Defendants' convoluted claim construction proposal, which a) entirely eliminates the words "pattern and current condition" from terms 3 and 10; b) partially incorporates the definition of "spatial orientation" from the specification; and c) replaces the disjunctive term "and/or" in the "spatial orientation" definition with the more limiting conjunctive term "and":

| Term No. | Claim No. | Claim Language | Defendants' Latest Proposed Construction |
|---|---|---|---|
| 3 | 2 | Information that effectively describes the de facto pattern and current condition of the chosen subject's spatial orientation | Information that effectively describes ~~the de facto pattern and current condition of the chosen~~ a subject's ~~spatial orientation~~ disposition in three-dimensional space ~~and/or~~ *and* dynamic movement in any direction or plane of motion |
| 10 | 13 | Information that effectively describes the then de facto pattern and current state of the chosen subject's spatial orientation | Information that effectively describes ~~the de facto pattern and current condition of the chosen~~ a subject's ~~spatial orientation~~ disposition in three-dimensional space ~~and/or~~ *and* dynamic movement in any direction or plane of motion |

On the other hand, "the construction that stays true to the claim language and most naturally aligns with the patent's description of the invention," *Phillips v. AWH Corp.,* 415 F.3d 1303, 1316 (Fed. Cir. 2005), is what BSI originally proposed, which largely keeps in place the original claim language and merely uses the explicit definition from the specification for the term "spatial orientation" (Doc. 47-1 at 2-3) :

8

| Term No. | Claim No. | Claim Language | BSI's Proposed Construction |
|---|---|---|---|
| 3 | 2 | Information that effectively describes the de facto pattern and current condition of the chosen subject's spatial orientation | Information that effectively describes the ~~de facto~~ pattern and current condition of the chosen subject's <u>disposition in three-dimensional space and/or dynamic movement in any direction or plane of motion</u> |
| 10 | 13 | Information that effectively describes the then de facto pattern and current state of the chosen subject's spatial orientation | Information that effectively describes the ~~then de facto~~ pattern and current condition of the chosen subject's <u>disposition in three-dimensional space and/or dynamic movement in any direction or plane of motion</u> |

In short, Defendants' objections to Magistrate Judge Boland's recommendations should be rejected because they ignore the actual claim language and specification, and because there is no meaningful support for Defendants' latest proposed construction.

## V.    CONCLUSION

For the reasons set forth above, this Court should overrule Defendants' objections and adopt Magistrate Judge Boland's construction of term numbers 3 and 10.

Dated this 5th January, 2015.

>  */s/ Mher Hartoonian*
>  Mher Hartoonian
>  HOLLAND & HART LLP
>  555 Seventeenth Street, Suite 3200
>  Denver, CO 80202
>  Phone: 303-295-8000
>  mhartoonian@hollandhart.com

9

Timothy P. Getzoff
HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
Phone: 303-473-2700
Fax: 303-473-2720
tgetzoff@hollandhart.com


**ATTORNEYS FOR BRAIN SYNERGY INSTITUTE LLC D/B/A CARRICK BRAIN CENTERS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2015, I have caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following individuals:

Michael P. Dulin
POLSINELLI, P.C.
1515 Wynkoop Street, Suite 600
Denver, CO 80202
Telephone: (303) 572-9300
Facsimile: (303) 572-7883
Email: mdulin@polsinelli.com

David S. Moreland
MEUNIER CARLIN & CURFMAN, LLC
817 W. Peachtree Street NW, Suite 500
Atlanta, GA 30308
Telephone: (404) 645-7700
Facsimile: (404) 645-7707
Email: dmoreland@mcciplaw.com

/s/ Mher Hartoonian
Mher Hartoonian

7432498_1