IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-01471-CMA-BNB

BRAIN SYNERGY INSTITUTE, LLC, d/b/a CARRICK BRAIN CENTERS,

    Plaintiff,

v.

ULTRATHERA TECHNOLOGIES, INC., and
KEVIN MAHER,

    Defendants.

**ORDER ADOPTING AND AFFIRMING DECEMBER 5, 2014
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case was referred to United States Magistrate Judge Boyd N. Boland pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. (Doc. # 5.) On December 5, 2014, Judge Boland issued a Recommendation construing fifteen patent claim terms at the center of this dispute. (Doc. # 69.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). On December 19, 2014, Defendants UltraThera Technologies, Inc. and Kevin Maher (hereinafter "UltraThera") filed timely objections. (Doc. # 73.) Plaintiff Brain Synergy Institute, LLC (hereinafter "BSI") filed a response to the objections on January 5, 2015. (Doc. 74.)

**I. BACKGROUND**

This case arises out of a patent dispute between BSI and UltraThera. In accordance with the order of this Court (Doc. # 52) and *Markman v. Westview*

*Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996), Magistrate Judge Boland held a hearing to construe patent claim terms relevant to the disposition of this litigation. (Doc. # 63.) After careful consideration of the parties' claim construction briefs and the evidence presented during the *Markman* hearing, Magistrate Judge Boland issued his Recommendation construing fifteen terms of the disputed patent. (Doc. # 69.) UltraThera lodged two objections, specifically to the recommended constructions of Terms 3 and 10 (Doc. # 73.) The original claim terms and the corresponding constructions recommended by Magistrate Judge Boland are reproduced below:

| Term | Original Claim Language (emphasis added) | Recommended Construction (emphasis added) |
| --- | --- | --- |
| Term 3 | information that effectively describes the de facto pattern **and** current condition of the chosen subject's spatial orientation | Information that effectively describes a subject's pattern of dynamic movement in any direction or plane of motion **and/or** current static disposition in three-dimensional space |
| Term 10 | information that effectively describes the then de facto pattern **and** current state of the chosen subject's spatial orientation | Information that effectively describes a subject's pattern of dynamic movement in any direction or plane of motion **and/or** current static disposition in three-dimensional space |

UltraThera's two objections have the same substantive basis: Magistrate Judge Boland "improperly substituted the conjunctive phrase 'and' with the disjunctive phrase 'and/or,'" enlarging the scope of the terms beyond their original meanings. (Doc. #73 at 4-5.) For the reasons discussed below, this Court agrees with the Recommendation, and overrules UltraThera's objections.

## II. APPLICABLE AUTHORITY

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. This standard is consistent with that which is applied in the review of claim constructions made pursuant to *Markman*. *PC Connector Solutions LLC v. Smartdisk Corp.*, 406 F.3d 1359, 1362 (Fed. Cir. 2005) ("Claim construction is a question of law that we review without deference." (citing *Cybor Corp. v. FAS Tech, Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998))).

Claim construction is the first step in the two-part analysis to determine patent infringement. *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1581–82 (5th Cir. 1996). Patent claims that are asserted to be infringed are first construed in order to determine their true meaning and scope. *Markman*, 52 F.3d at 976. Then, the properly construed claims are compared against the device accused of infringing. *Id*.

Claim construction is simply a way of elaborating the normally terse claim language in order to understand and explain, but not to change, the scope of the claims. *Embrex, Inc. v. Serv. Eng'g Corp.*, 216 F.3d 1343, 1347 (Fed. Cir. 2000). The analysis begins with the language of the claim itself. *Vitronics*, 90 F.3d at 1582. Absent an express intent to impart a novel meaning, terms in a claim are to be given their ordinary and accustomed meaning. *Mars, Inc. v. H.J. Heinz Co.*, 377 F.3d 1369, 1373 (Fed. Cir.

2004); *Vitronics*, 90 F.3d at 1582. However, a patentee may choose to be his own lexicographer and use terms in a manner other than their ordinary meaning, as long as the special definition of the term is clearly stated in the patent specification or file history. *Vitronics*, 90 F.3d at 1582.

Thus, it is always necessary to review the specification to determine whether the inventor has used any terms in a manner inconsistent with their ordinary meaning. *Id*. Furthermore, the words of the claim must be construed in light of the specification, which contains a written description of the invention that must be clear and complete enough to enable those of ordinary skill in the art to make and use it. *Id*. The specification is always highly relevant and the single best guide to the meaning of a disputed term. *Id*.

### III. ANALYSIS

UltraThera objects to Magistrate Judge Boland's substitution of "and/or" for "and" in the claim language reproduced *supra*. (Doc. # 73 at 4-5.) UltraThera reasons that the substitution impermissibly broadens the scope of the claim language by changing a specification requiring both elements ("and") into something merely requiring either element ("and/or"). A careful review of the claim language and patent specification demonstrates that the argument is without merit.

Though the analysis of patent language begins with the claim itself, a patentee can be his own lexicographer, assigning special meaning to terms as long as the definition is clearly stated in the patent specification or file history. *Vitronics*, 90 F.3d at

1582.  In the instant case, the patentee acted as his own lexicographer with respect to the term "spatial orientation."  The patent specifications state:

> Incidentally, where references are made herein to positions, positionings, orientations, and **spatial orientations**, those references are intended to involve either a subject's static disposition in three-dimensional space, **and/or** a subject's dynamic movement, in any direction or plane of motion, toward, through, and/or beyond one, or several, of such dispositions.

(Doc. # 54-1 at 3:28-34 (emphasis added).)  The Recommendation appropriately identifies the construction of "spatial orientations" in the patent specifications and uses the patentee's definition to give meaning to the terms under review.  (Doc. # 69 at 8-9.) *See Vitronics*, 90 F.3d at 1582 ("The specification is always highly relevant to the claim construction analysis" and "is the single best guide to the meaning of a disputed term.")

With respect to the recommended construction of Terms 3 and 10, the clauses "and current [condition/state] of the chosen subject's spatial orientation" are merely replaced by the definition of the term "spatial orientation," a construction including the disjunctive phrase "and/or" and explicitly enunciated by the patentee in his specifications.  Accordingly, this Court agrees with Magistrate Judge Boland's construction of Terms 3 and 10.

BSI raises a number of issues concerning timeliness and waiver of the UltraThera objections.  (Doc. # 74 at 1-5.)  Because this Court has overruled UltraThera's objections on the merits, we need not consider BSI's arguments.

The Court has conducted a *de novo* review of this matter, including reviewing all relevant pleadings, the Recommendation, UltraThera's objection thereto, and BSI's

response. Based on this *de novo* review, the Court concludes that Magistrate Judge Boland's Recommendation is correct and is not called into question by UltraThera's objection. Accordingly, it is hereby ORDERED that UltraThera's objection (Doc. # 73) is OVERRULED. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Boyd N. Boland (Doc. # 69) is AFFIRMED and ADOPTED as an order of this Court.

DATED: January 11, 2016

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge