**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-01471-CMA-NYW

BRAIN SYNERGY INSTITUTE, LLC, d/b/a CARRICK BRAIN CENTERS,

     Plaintiff,

v.

ULTRATHERA TECHNOLOGIES, INC., and
KEVIN MAHER,

     Defendants.

---

**ORDER ADOPTING AND AFFIRMING JANUARY 28, 2016
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the January 28, 2016 Recommendation by

United States Magistrate Judge Nina Y. Wang that Defendants' Motion for Judgment on

the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (Doc. # 77) be granted in part and

denied in part.  (Doc. # 93.)  The Recommendation, which details the factual and

procedural background of this patent dispute, is incorporated herein by reference.  *See*

28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Specifically, Judge Wang recommends

that Defendants' Motion be granted with respect to Claim 2 of the '062 Patent, because

Claim 2 is not directed to patent-eligible subject matter under 35 U.S.C. § 101.  (Doc. #

77 at 21.)  With respect to Claim 13, Judge Wang recommends that Defendants' Motion

be denied, because Claim 13 is specifically directed to a "machine," which is patent-

eligible subject matter under 35 U.S.C. § 101.  (*Id*. at 22.)  Judge Wang finally

recommends that Defendants' Motion be denied with respect to Claims 3-6, 8-10, and 14-16 (the "dependent claims") because Defendants relied on Claim 2 as a representative claim, without justifying why Claim 2 is, in fact, representative. (*Id*. at 10.) On February 11, 2016, both Plaintiff and Defendants filed timely objections to the Recommendation. (Doc. ## 96, 97.) Thereafter, both Plaintiff and Defendants submitted responses to the objections. (Doc. ## 101, 102.)

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In this case, both Plaintiff and Defendants submitted timely and specific objections, triggering *de novo* review for the disputed components of the Recommendation. In the interest of clarity, the Court will consider each set of objections in turn.

1) *Plaintiff's Objection*

Plaintiff disputes the Magistrate Judge's conclusion that Claim 2 of the '062 Patent is patent-ineligible under 35 U.S.C. § 101, and raises three objections to the analysis set forth in the Recommendation.

Plaintiff first argues that the Magistrate Judge erroneously shifted a burden to Plaintiff to prove the presence of a factual dispute at the pleading stage. (Doc. # 97 at 2.) In reality, the Recommendation merely notes that Plaintiff, after claiming there were unresolved factual disputes, unhelpfully failed to "articulate any specific limitation of either Claim 2 or 13 that turns on an identified factual issue." (Doc. # 93 at 14.) The Recommendation further declares that "the court will simply deny judgment on the pleadings as to [a] claim" if it finds a relevant factual dispute. (*Id*.) Because the Recommendation does not shift any undue burden to Plaintiff, Plaintiff's first objection is without merit and overruled.

In a second objection, Plaintiff argues the "Recommendation improperly holds that factual disputes must affect a 'specific limitation'" and notes the 35 U.S.C. § 101 standard requires a court to ask "whether the claim *as a whole* is directed at an abstract idea and whether the claim *as a whole* is inventive." (Doc. # 97 at 2) (emphasis in original). Again, Plaintiff misconstrues the Recommendation. The Magistrate Judge explicitly considered both the specific limitations of the claim language and the claim "as a whole" when conducting the § 101 analysis. (Doc. # 93 at 16) ("Claim 2, *even considering the details of the limitations therein*, claims nothing more than a method of using sensors to collect two different streams of data and transmitting them to a data processor, which is a generic computer, for processing.") (emphasis added). Accordingly, Plaintiff's objection is overruled.

In a third and final objection, Plaintiff argues that the Recommendation relies on an "overly generic description of [Claim 2]" that "strips away significant detail . . ." and

represents a degree of abstraction that would render any process unpatentable.  (Doc. # 97 at 3.)  This Court disagrees.

The first step of the bipartite test established in *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289 (2012), requires a court engaged in a § 101 analysis to determine whether a claim at issue is directed towards a law of nature, natural phenomenon, or abstract idea, all of which are patent-ineligible concepts.  If a claim is directed towards an ineligible concept, courts then must determine whether additional elements of the claim, considered both individually and in "ordered combination," "transform the nature of the claim" into a patent-eligible application.  *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014) (citing *Mayo*, 132 S. Ct. at 1298, 1297).

Although the Supreme Court has warned against construing the subject matter underlying a patent at an unduly high level of generality, it is also true that the Supreme Court looks past the technical language of a patent to discern the true nature of a claim at the first step of the *Mayo* inquiry.  *See, e.g., Alice Corp. Pty.*, 134 S.Ct. at 2352, 2355–57 (where claim described computer process creating shadow account ledgers mirroring the account balances of the parties to a transaction, updating those ledgers in real time, and issuing irrevocable instructions for clearing transactions, all in order to limit risk of one party failing to perform at settlement, the claims were drawn to the abstract "concept of intermediated settlement, i.e., the use of a third party to mitigate settlement risk"); *see also In re TLI Commc'ns LLC Patent Litig.*, 87 F. Supp. 3d 773, 783 (E.D. Va. 2015) ("In determining whether an idea in a software patent is abstract,

courts must be careful to avoid allowing the typically convoluted claim language—

"patent-ese"—to obfuscate the general purpose and real essence of software patent

claims."). While the Recommendation does offer a generalization of Claim 2 at the first

step of the *Mayo* inquiry, doing so is fully consistent with the analytical practice

employed by this Court, the Federal Circuit and the Supreme Court. This Court

concludes that the Recommendation's characterization of Claim 2 as a "method of using

sensors to collect two different streams of data and transmit[] them to a data processor,

which is a generic computer, for processing" (Doc. # 93 at 16) is not overbroad or

unduly generic. The Court further notes that the Recommendation's characterization

does not, as Plaintiff argues, "strip away significant detail" (Doc. # 97 at 3) of Claim 2,

as the specific limitations of Claim 2 were fully and appropriately considered at the

second step of the *Mayo* inquiry. (Doc. # 93 at 19–21.) Accordingly, Plaintiff's objection

is overruled.

2)      *Defendants' Objection*

        Defendants object to the Recommendation's "preservation of asserted

independent apparatus Claim 13, and asserted dependent method Claims 3-6, 8-10,

and 12,"[1] arguing that the claims are "insignificantly different at most" and "directed to

the same basic abstract idea" such that they should have fallen together with Claim 2.

(Doc. # 96 at 3.) This Court disagrees.

        As a preliminary matter, the Court notes that Defendants advance a number of

arguments addressing why Claim 2 is representative, and why the invalidity of Claim 2

---

[1] This Court presumes Defendants' reference to Claim 12 is a typographical error, as
Claim 12 has never been at issue in this suit.

therefore implies the invalidity of the remaining claims.  These new arguments were wholly absent from Defendants' underlying Motion, and therefore do not constitute legitimate objections.  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 2006) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Even if this Court looks past the procedural deficiency of the objection, the Recommendation appropriately denies Defendants' Motion with respect to independent apparatus Claim 13 and dependent method Claims 3-6 and 8-10 on the merits.  35 U.S.C. § 282(a) codifies a presumption of validity for each claim of a patent (whether independent or dependent) and places the burden of establishing invalidity on the party asserting invalidity.  *See also CLS Bank Int'l v. Alice Corp. Pty.*, 717 F.3d 1269, 1304-05 (Fed. Cir. 2013) *aff'd*, 134 S. Ct. 2347 (2014) ("[A]ny attack on an issued patent based on a challenge to the eligibility of the subject matter must be proven by clear and convincing evidence.")  This Court agrees with the analysis set forth in the Recommendation, finding the dependent method claims include additional substantive limitations relevant to the *Mayo* test and concluding Defendants failed to satisfy their burden to demonstrate ineligibility of the claims by clear and convincing evidence.  This Court also agrees with the Recommendation's conclusion that Claim 13, as an apparatus claim disclosing structure beyond what is contemplated in method Claim 2, describes more than a "purely functional and generic" structure that would otherwise situate the claim in the realm of abstraction.  *See Alice*, 134 S. Ct. at 2360.  Accordingly, Defendant's objection is overruled.

In accordance with 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Recommendation, the Objections to the Recommendation, and responses.  Based on this *de novo* review, the Court concludes that the Magistrate Judge's Recommendation is correct and is not called into question by Plaintiff's or Defendants' objections.  Accordingly, it is hereby ORDERED that Plaintiff's objection (Doc. # 97) and Defendants' objection (Doc. # 96) are OVERRULED.  It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge Nina Y. Wang (Doc. # 93) is AFFIRMED and ADOPTED as an order of this Court.  Pursuant to the Recommendation, it is

FURTHER ORDERED that Defendants' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (Doc. # 77) is GRANTED with respect to Claim 2 of the '062 Patent and DENIED with respect to Claims 3-6, 8-10, and 13-16 of the '062 Patent.

DATED:  March 29, 2016

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge